IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANTHONY WADE CAPSEL, #L6064                                              PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 3:04cv926WHB-AGN

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
CHRISTOPHER EPPS and LINDA HOLMAN                                      DEFENDANTS

OPINION AND ORDER

Upon further consideration of the complaint and the records in this action, the court finds that an order was entered on February 8, 2005, requiring plaintiff to file a written response within 20 days. Plaintiff was warned that his failure to timely comply with the requirements of the order could lead to the dismissal of his lawsuit. A copy of the order was mailed to the plaintiff at his last known address.

When the plaintiff failed to comply with the order of February 8, 2005, an order to show cause was entered on April 6, 2005. In that order to show cause, the plaintiff was directed to respond within 15 days and explain why the instant civil action should not be dismissed for failure to comply with the court's order of February 8, 2005. The plaintiff was further directed to provide additional information to this court as previously directed in the order of February 8, 2005. The plaintiff was warned that failure to timely comply would result in the dismissal of this civil action without further notice.

According to the court records, plaintiff has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with the court's orders. The plaintiff's failure to comply with an order of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 13th day of May, 2005.

                                          s/William H. Barbour, Jr.
                                          UNITED STATES DISTRICT JUDGE